**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ROBERT COLEMAN,**

               **Plaintiff,**

**-vs-**                                                    **Case No. 6:11-cv-966-Orl-31KRS**

**HARBIN LAWN AND GROUNDS, LLC,**

               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, AND UPON COURT APPROVAL, FOR DISMISSAL OF THE ACTION WITH PREJUDICE (Doc. No. 18)**
>
> **FILED:** September 7, 2011

      Plaintiff Robert Coleman filed a complaint against Defendant Harbin Law and Grounds, LLC (Harbin), alleging that Harbin failed to pay him overtime compensation as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, minimum wages as required by the FLSA and Florida law, and breached an employment contract with him. Coleman also sought a declaratory judgment. Doc. No. 1.

      Harbin answered the complaint and filed the affidavit of William Harbin. Mr. Harbin averred that Harbin had not made more than $500,000 in gross revenue per year since its inception

and that it was not an enterprise engaged in the production of goods for commerce. He also averred that Coleman was never engaged in commerce or the production of goods in commerce while employed by Harbin. Doc. No. 14. Based on this affidavit, Harbin asserted that the FLSA did not apply to it.

Because of the significant dispute regarding whether the FLSA applies to Harbin, the parties entered into a settlement agreement. Under the agreement, Coleman will receive the minimum wages he claimed to be owed and an equal amount in liquidated damages. Coleman agreed to forego any claim for overtime compensation. Coleman entered into the settlement voluntarily after consultation with counsel. *See* Doc. No. 18-1 ¶¶ 17-18. The reason for Coleman's compromise of his FLSA claims is adequately explained.

Under the settlement agreement, Coleman's counsel will receive $1000 in attorney's fees and costs. When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (121th Cir. Jan. 13, 2009)(unpublished opinion cited as persuasive authority).

Counsel represent that the attorney's fees were negotiated separate and apart from the amount to be paid to Coleman. Doc. No. 18 at 4. Where, as in the present case, the attorney's fees were agreed upon separately, without regard to the amount paid to a plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid

to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the settlement appears reasonable on its face and there is no reason to believe that Coleman's recovery was adversely affected by the amount of fee paid to Coleman's attorneys.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Lynn's Food Stores* does not require the Court to approve the other provisions of the settlement agreement.

## RECOMMENDATION

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** in part the Joint Motion For Approval of Settlement Agreement, Doc. No. 18;

3. **PROHIBIT** counsel for Plaintiff from withholding any portion of monies payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice; and,

    7.    **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 9, 2011.

                                          *Karla R. Spaulding*
                                        KARLA R. SPAULDING
                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy